**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No._____

---

Neil Mata,

Individually,

        Plaintiff,

v.

Mary Jane's Glass Haberdasher, Inc.
A Colorado Corporation

and

Terry Behrman
Individually,

        Defendants.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Neil Mata, by and through counsel, CORNISH & DELL'OLIO, P.C., and for his Complaint against the Defendants, states as follows:

### Introduction

1.     This is an action for wages brought pursuant to the federal Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*) for recovery of overtime wages.

### Jurisdiction

2.     The Court has jurisdiction over the subject matter of this case pursuant to 28

U.S.C. § 1331.

## Venue

3. All acts giving rise to the cause of action occurred in the State of Colorado.

## Parties

4. The Plaintiff, Neil Mata, is a natural person who resides in Colorado. At all times relevant to the Complaint he was employed by Mary Jane's Glass Haberdasher, Inc. as a Manager of a store.

5. At all times relevant to the Complaint the Plaintiff was a nonexempt employee under the federal Fair Labor Standards Act of Mary Jane's Glass Haberdasher, Inc.

6. The Defendant, Mary Jane's Glass Haberdasher, Inc., is a Colorado corporation authorized to do business in the State of Colorado.

7. At all times relevant to the Complaint the Defendant corporation was an enterprise engaged in commerce within the meaning of the federal Fair Labor Standards Act (29 U.S.C. § 203 (s)(1)) with gross sales of more than $500,000.00 per year.

8. Terry Behrman was at times relevant to the Complaint the owner and President of Defendant corporation.

9. Terry Behrman acted directly and indirectly in the interests of the employer in relation to Neil Mata by setting his rate of pay, the method of compensation, salary plus commission and determined his hours of work.

**First Cause of Action**
**(for violations of the federal Fair Labor Standards Act 29 U.S.C. § 207)**

10. Paragraphs 1 through 9 are incorporated herein by reference.

11. Beginning in February 2014 until the involuntary termination of his employment on February 9, 2017 Plaintiff was employed by Defendant, Mary Jane's Glass Haberdasher, Inc. as a sales person and a store manager.

12. After his initial training at a store in Pueblo (Mary Jane's Glass Haberdasher, 1857 S. Pueblo Blvd., Pueblo, Colorado), Plaintiff was assigned to manage a store in Colorado Springs, Smokin Iguana, 3609-19 Austin Bluffs Parkway, Colorado Springs, Colorado.

13. From February 17, 2014 and until April 19, 2015 Plaintiff managed the Smokin Iguana in Colorado Springs, Colorado.

14. Plaintiff's hours of work were from 10:00 a.m. until 9:00 p.m. five days a week. He worked six days a week during some work weeks.

15. Plaintiff regularly worked no fewer than fifty-five hours a week.

16. During some weeks Defendant designated Plaintiff's compensation a "commission." During other work weeks Defendant designated Plaintiff's compensation hourly pay and paid Plaintiff for forty hours at $9.00 an hour or $360.00 per week.

17. Throughout 2014 Defendant never paid Plaintiff minimum wage and did not pay Plaintiff time and one-half his regular rate of pay for hours worked over forty in a single work week.

18. While working at the Smoking Iguana Plaintiff worked no fewer than fifteen hours of overtime per week

19. Plaintiff's regular rate of pay according to his Earnings Statement was $9.00 per hour.

20. Plaintiff is owed $202.50 per week for 2014 (15 hours X $13.50) in overtime compensation.

21. In January 2015 Defendant, Terry Behrman promised to pay Plaintiff a salary plus a bonus of 1.35% of his store's gross receipts.

22. For the first fifteen weeks of 2015 Neil Mata managed the Smokin Iguana in Colorado Springs and regularly worked no fewer than fifty-five hours per week.

23. Defendant did not pay Plaintiff the promised commission. For the first fourteen weeks of 2015, Plaintiff is owed $202.50 per week (15 hours X $13.50) in overtime compensation plus a commission of 1.35% of the store's gross receipts.

24. On April 20, 2015 Plaintiff was moved to the Pueblo store, Mary Jane's Glass Haberdasher. From April 20, 2015 until the end of 2015 Plaintiff regularly worked from 9:45 a.m. until 11:00 p.m. During this period Plaintiff regularly worked no fewer than sixty-five hours per week, including twenty-five hours of overtime. Plaintiff's overtime rate during this period ranged between $12.70 per hour to $16.48 per hour depending on the amount of commission paid. In addition to unpaid overtime due of between $317.50 and $412.00 per week, Defendant failed to pay Plaintiff earned commissions.

25. Plaintiff was a nonexempt employee until June 27, 2016. Plaintiff worked for twenty-six weeks in 2016 without overtime compensation.

26. In 2016 Plaintiff continued to work from 9:45 a.m. until 11:00 p.m. and regularly

worked no fewer than twenty-five hours of overtime per week. Plaintiff's overtime rate during this period ranged between $10.87 per hour to $14.82 per hour depending on the amount of commission paid. In addition to unpaid overtime due Defendant failed to pay Plaintiff earned commissions.

27. Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty in a single work week.

28. Defendant's conduct was willful.

### Second Cause of Action
### (Breach of Contract)

29. Paragraphs 1 through 28 are incorporated herein.

30. On or about January 1, 2015 Defendant's President, Terry Behrman, offered Plaintiff a written compensation agreement which she required him to sign.

31. Plaintiff's written agreement promised him 1.35% of the gross receipts of the store as a bonus.

32. Plaintiff accepted Defendant's offer of salary plus commission based compensation of 1.35% of the store's gross receipts.

33. As consideration for the contract Plaintiff continued to work for Defendant.

34. Thereafter Defendant failed to pay Plaintiff the promised commission of 1.35% of the store's gross receipts.

35. Plaintiff suffered damages as the result of Defendant's failure to perform and breach of contract.

### Prayer for Relief

WHEREFORE, Plaintiff demands judgment against the Defendant corporation and the individual Defendant in an amount which will compensate him for all hours worked in excess of forty hours in a single work week at one and-one-half times his regular hourly rate of pay, for liquidated damages as provided for by 29 U.S.C. § 216 (b), and attorney's fees and costs as provided for by 29 U.S.C. § 216 (b).

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial for all issues triable by jury.

Respectfully submitted this 17th day of February, 2017.

CORNISH & DELL'OLIO, P.C.

By: s/Donna Dell'Olio
Donna Dell'Olio #10887
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903
Phone: (719) 475-1204
Fax: (719) 475-1264
ddellolio@cornishanddellolio.com
Attorney for Plaintiff

Plaintiff's address:
1705 Euclid Avenue
Pueblo, CO 81005